MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

GARTH HIRE (CABN 187330)
Assistant United States Attorney

    1301 Clay Street, Suite 340-S
    Oakland, California 94612
    Telephone:   (510) 637-3723
    Facsimile:    (510) 637-3724
    E-mail:       Garth.Hire@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | No. CR 13-00817 JST |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF HEARING DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| KEVIN GEORGE MOON, | |
| Defendant. | Current Hearing Date:  May 30, 2014<br>Proposed Hearing Date:  July 18, 2014 |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Northern District of California and Assistant United States Attorney Garth Hire, and defendant Kevin George Moon (defendant), by and through his counsel of record, Angela Hansen, hereby stipulate as follows:

    1.    On December 19, 2013, a federal grand jury returned an indictment against the defendant charging him with possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1).

1

2. On January 23, 2014, defendant was arraigned on the indictment before the Honorable Donna M. Ryu, United States Magistrate Judge. On January 28, 2014, Judge Ryu ordered defendant detained pending trial in this matter. Also on that date, the parties stipulated to set a status conference before this Court on March 14, 2014, and agreed that there was a basis to exclude time under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, for effective preparation of counsel. Judge Ryu signed an order excluding the time period of January 28, 2014, to March 14, 2014, from the time in which trial must commence under the Speedy Trial Act.

3. The parties previously stipulated to continue the March 14, 2014, status conference to April 11, 2014, and again from April 11, 2014, to May 30, 2014. The Court granted those stipulations and ordered a status conference be set for May 30, 2014, and excluded time under the Speedy Trial Act for both time periods.

4. The parties now request that the court vacate the currently scheduled May 30, 2014, status conference and set a hearing for a change of plea on July 18, 2014, in order to provide defendant's counsel additional time necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. The parties anticipate that after defendant's counsel has had an opportunity to further investigate the case that the parties will enter into a plea agreement and that a change of plea hearing will be appropriate. Defendant's counsel represents that failure to grant the continuance would deny her reasonable time necessary for effective preparation, taking into account the exercise of due diligence. In addition, defendant's counsel will be unavailable from June 1 through June 20, 2014. The parties agree that the continuance requested by the parties is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

5. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of May 30, 2014, to July 18, 2014,

inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

6. Defendant's counsel represents that she has fully informed her client of his Speedy Trial rights and that, to her knowledge, her client understands those rights and agrees to waive them. Defendant's counsel further believes that her client's decision to give up the right to be brought to trial earlier than if time were not excluded from the Speedy Trial Act is an informed and voluntary one.

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: May 27, 2014

MELINDA HAAG
United States Attorney

  /S/   *Garth Hire*
GARTH HIRE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

  /S/  *per e-mail authorization*                   5/27/2014
ANGELA HANSEN                                        Date
Assistant Federal Public Defender
Attorney for Defendant
Kevin George Moon

3

**[PROPOSED] ORDER**

The Court has read and considered the Stipulation Regarding Request for (1) Continuance of Hearing Date and (2) Findings of Excludable Time Periods Pursuant to Speedy Trial Act, filed by the parties in this matter.  The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that support a continuance in this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

A change of plea hearing in this matter is scheduled for 9:30 a.m. on July 18, 2014.  The status conference scheduled for May 30, 2014, is vacated.  The time period of May 30, 2014, to July 18, 2014, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv).  Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

May 27, 2014
DATE

HONORABLE JON S. TIGAR
UNITED STATES DISTRICT JUDGE